LEVI J. PEASE, PLAINTIFF, v. GEORGE F. BARNETT, EXECUTOR, ETC., OF AZUBAH CARPENTER, DECEASED, DEFENDANT.

*Evidence — what testimony is inadmissible as relating to a personal transaction with a deceased person — Code of Civil Procedure, sec. 829 — Res gestæ — what evidence is admissible as constituting a part of it.*

This action was brought by the plaintiff upon a bond given to him by one Carpenter and Azubah, his wife, against the executor of Azubah. It was defended upon the ground that the bond was, after its execution, altered by the insertion of a clause binding the separate estate of the wife. Upon the trial the plaintiff was called as a witness in his own behalf, and testified that he was not present when the bond was signed, but that he saw it in the hands of his attorney, after it was drawn and shortly before it was executed, and that it then contained the clause in question as it appeared upon the bond.

*Held,* that the evidence was inadmissible under section 829 of the Code of Civil Procedure, as relating to a personal transaction with the deceased.

*Held,* further, that this section also prevented the plaintiff from testifying respecting conversations between himself and his attorney, prior to the execution of the bond, which tended to show that it contained the said clause.

The testimony of the attorney as to such conversation was admissible as a part of the *res gestæ.*

MOTION by the defendant for a new trial on exceptions taken at the Monroe Circuit, and ordered to be heard at the General Term in the first instance, after a verdict had been directed in favor of the plaintiff.

*Stull & Bennett,* for the plaintiff.

*J. D. Decker,* for the defendant.

SMITH, P. J.:

The action is upon a bond for the payment of money, executed by Davis Carpenter and Azubah, his wife, the defendant's testatrix, to the plaintiff. The bond, which was produced at the trial, appeared on its face to have been altered by the insertion of a clause binding Mrs. Carpenter's separate estate, and the question litigated at the trial was whether the alteration was made before or after the bond was executed by her.

The plaintiff was called as a witness in his own behalf, and testi-

fied in substance that he was not present when the bond was signed, but that he saw it in the hands of his attorney after it was drawn, and shortly before it was executed, and that it then contained the clause in question, as it appeared at the trial. The testimony was objected to as incompetent under section 829 of the Code of Civil Procedure, and the exception to its reception presents the principal question in the case.

We think its reception was error. The statement of the plaintiff that shortly before the bond was signed it contained the clause in question, went to the very marrow of the issue, and, if believed by the jury, left no room to doubt that the alteration was made before the testatrix signed the instrument. It was as pertinent and convincing as if he had testified that the clause in question was in the instrument when the testatrix signed it. Had she been living at the time of the trial she might have contradicted the plaintiff on that point, and the permitting him to testify concerning it, she being dead, gave him an advantage which the statute does not allow, unless the plaintiff's counsel is right in his contention that the testimony did not relate to a personal transaction or communication between the witness and the deceased. That contention is based upon the fact that the witness and the deceased did not meet personally, the plaintiff having been represented in the transaction by his attorney, Mr. Fuller, who superintended the drawing of the bond and its execution. But the attorney acted under the immediate direction of the plaintiff, who was cognizant at the time of all the steps taken in the transaction. In these circumstances, the giving of the bond was, we think, a personal transaction between the obligors and the obligee, within the meaning of the statute, so far as to prevent the obligee from giving testimony against the representative of the deceased obligor, tending to show what was the wording of the bond at the time of its execution. Suppose he had been called to prove the contents of a lost letter which he had dictated, and caused his clerk to write and deliver to the deceased, we do not think he would have been competent for that purpose; and yet in that case there would have been no transaction or communication between him and the deceased which could be called "personal" in a literal sense. In *Hadsall* v. *Scott* (26 Hun, 617) and *Lansing* v. *Hadsall* (Id., 619), we held that the surviving party

to a written agreement that had been lost was not competent to testify to its contents as against the executors of the other party to the agreement. (See 2 Abb. N. C., 9, note.) *Milligan, Administrator, v. Robinson* (16 N. Y. W. Dig., 96) was an action by the administrator of one Girvan against Robinson and Roof, to recover certain canal boats which had belonged to Girvan and the defendant Robinson, and which the defendants claimed had been sold to Roof by a bill of sale executed by Girvan and Robinson which was lost. Roof was permitted to testify on behalf of the defendants to the delivery to him by Robinson of the bill of sale, and to testify to its contents and to the signature of Girvan. This was held error, although it did not appear that Roof and Girvan had ever met or had any personal transaction or communication in the matter, other than the execution and delivery of the bill of sale in the circumstances above stated.

The learned counsel for the plaintiff relies upon the case of *Hill v. Heermans*, decided in this department (22 Hun, 456) and affirmed by the Court of Appeals, *sub. nom.* (*Wadsworth, Admr.*, v. *Heermans*, 85 N. Y., 639.) It will be seen on reading the facts of that case, as reported in the books above cited, and also in 17 Hun, 472, where the same case was before us on the first appeal, that there is a clear distinction between that case and this. The inquiry, which was the subject of that decision, did not involve any personal transaction between the witness Hill and the deceased party, Fellows. It called simply for a description of the bonds at the time when Hill deposited them in the safe. No agreement between him and Fellows was made or contemplated at that time. Fellows' subsequent act of inserting his own name in the blank left in the indorsement was independent of any act done by Hill. In short, the proof did not relate to any transaction or communication had between them, through the intervention of an agent or otherwise.

If the foregoing views are correct, it follows that not only the testimony above referred to, but also so much of the testimony of Pease respecting conversations between him and his attorney, prior to the execution of the bond, as tended to show that the bond contained the married woman clause at the time of its execution, was improperly received. But the testimony of the attorney on the same subject was competent, we think, as a part of the *res gestæ.*

We have examined the other exceptions taken and argued by the counsel for the defendant, and are of the opinion that they point to no error.

There should be a new trial, costs to abide the event.

HARDIN and BARKER, JJ., concurred.

New trial granted, costs to abide event.